UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

    Plaintiff,

v.                                                  Case No. 21-CV-39

CHRYSTAL MELI, CHERYL JEANPIERRE,
ROBERT MARTIN, MARY MOORE, and
ROBERT WEINMAN,

    Defendants.

## ORDER

Plaintiff Da Vonte Love, an inmate currently confined at Waupun Correctional Institution who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Love has accumulated at least three strikes, including: Case No. 11-cv-867; Case No. 11-cv-883; and 17-cv-1360, all from the Federal District Court for the Eastern District of Wisconsin. All three were dismissed because Love failed to state a claim upon which relief can be granted. Because Love has previously filed at least three actions that were dismissed for failure to state a claim, the court will deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782).

Love claims that the defendants failed to properly treat his medical conditions, though he never precisely states what his medical conditions are. There seem to be two separate-but-related issues Love has with the defendants' medical treatment. The first is that they ignored the fact that Love did not produce bowel movements, which caused him to be hospitalized and resulted in diabetes and nerve damage. (ECF No. 1 at 2.) This is an allegation of past harm; thus, Love does not meet the imminent danger requirement on this claim.

The second is that he asserts they are denying him pain medication and/or prescribing him pain medicine that causes vision impairment to treat the lasting effects from his hospitalization. (*Id.* at 3, 6-7.) Love's allegations are rambling and unfocused, but from what the court can discern, outside specialists recommended certain types of pain medicines that Waupun has restricted because they are narcotics. (*Id.* at 6.) According to Love, those pain medicines do not impair his vision. (*Id.* at 7.) However, to get access to those narcotics, he needs to sign a "Chronic Pain Management Treatment Plan" for each of those medications. (*Id.* at 3, ECF No. 4 at 35.) This appears to be a contract wherein an inmate receiving certain classes of medications agrees to abide by certain conditions, such as not trading or hoarding medication. (ECF No. 4 at 35.) While Love had a plan for Gabapentin, he asserts that defendants Mary Moore and Chrystal Meli breached this contract in 2019 when they discontinued his prescription for Gabapentin for no apparent reason. (ECF No. 1 at 3.) Since then, Love has apparently refused to enter into another agreement for these other medications unless "reasonable

3

accommodations" can be made. (*Id.*) It is unclear exactly what those accommodations are, but a few of them appear to be moving him to a single cell and to test his blood sugar through urine samples rather than taking blood. (*Id.* at 3-4.) Apparently the nerve damage in his arms make taking blood extremely painful. (*Id.* at 4.) Because Love is refusing to enter into a new agreement, the defendants are treating him with non-narcotic medications that Love alleges are causing him to lose his eyesight. (*Id.* at 6-7.)

Courts have held that an inmate is in imminent danger where the threat to his health has a potential consequence of serious injury, *see Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2012), and going blind has been considered such a threat where the allegations make clear that the plaintiff's pleas for treatment have been ignored. *See Carter v. Mahone*, Case No. 07-1216, 2007 WL 2792440 at *1 (C.D. Ill. Sept. 18, 2007). However, the defendants are treating Love here. Love may not be getting the treatment he believes he needs, but that is because he is refusing to follow the policies and procedures set in place to get the medicines he wants. In essence, Love is choosing the conditions that are causing his eyesight to deteriorate, so he cannot be in imminent danger. *See Dye v. Bartow*, Case No. 09-C-660, 2009 WL 1069919 at *2 (E.D. Wis. Oct 23, 2009) (plaintiff who had fear of public eating was not placed in imminent danger when prison officials refused to allow him to eat meals in his cell because it was his choice).

Love's allegations do not meet the imminent danger requirement. Accordingly, the court will deny Love's motion for leave to proceed without

4

prepayment of the filing fee. The fact that the court is denying Love's request to proceed without prepayment of the filing fee means that the full filing fee of $402.00 (the sum of the $350.00 filing fee and the $52.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 14 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Love pays the full filing fee within 14 days, the court will screen his complaint under 28 U.S.C. § 1915A and address his motion for a temporary restraining order. (ECF No. 7.) Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that Love's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Love shall forward to the clerk of this court the sum of $402.00 as the full filing fee in this case within 14 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Love's failure to comply with this order will result in dismissal of this case.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where Love is confined.

Dated in Milwaukee, Wisconsin this 12th day of February, 2021.

*signature*

STEPHEN DRIES
United States Magistrate Judge